## Case No. 3,842.

### DEVLIN v. GIBBS et al.

[4 Cranch, C. C. 626.] [1]

Circuit Court, District of Columbia.  Nov., 1835.

EXECUTION—IRREGULARITIES—FALSE IMPRISONMENT—PAROL EVIDENCE.

1. An execution against two only, upon a judgment against three, is erroneous, not irregular; voidable, not void.

2. An action for false imprisonment will not lie for an arrest upon an execution which is only voidable, and not void.

3. Parol evidence is admissible to show that there was in fact no judgment rendered by a justice of the peace, as stated in the execution.

Trespass, assault and battery, and false imprisonment. The plaintiff had been, some time since, arrested upon a writ of ca. sa., issued in favor of these defendants, against himself and one James Kennedy, only, upon a judgment against them jointly with one Hugh Tierney, as recited in the execution; and had been discharged from that arrest by this court (THRUSTON, Circuit Judge, absent) upon habeas corpus, upon the ground that an execution against two only upon a judgment against three was void; the same appearing upon the face of the execution. The plaintiff thereupon brought the present action, and the principal question was, whether the execution was absolutely void, or only voidable; or, in other words, whether it was irregular, or only erroneous; for, if irregular, it was void; but if erroneous, it was only voidable, and the defendants not liable in this action.

Mr. Bradley, for defendants, to show that the executions were erroneous only, and not irregular, cited Reynolds v. Corp, 3 Caines, 267; Herrick v. Manly, 1 Caines, 253-255; Butler v. Potter, 17 Johns. 145; 1 Chit. Pl. 183; Starkie, Ev. pt. 4, p. 1447; and 1 Archb. Pr. 257.

R. S. Coxe, for plaintiff, cited the cases referred to in 10 Petersdorff, tit. "Trespass," 279, 402.

[2] [From 1 N. B. R. 35.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (MORSELL, Circuit Judge, dissenting) were of opinion that the execution was not irregular, but erroneous; not void, but voidable; and that, therefore, the defendants were not liable in this action.

In the course of the trial THE COURT permitted the plaintiff to produce parol evidence to show that, in fact, no judgment had ever been rendered by the magistrate. But the jury found a verdict for the defendants.